**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GRACIELA VERDUGO DAGUIER**
**for D. DAGUIER, a minor,**

      **Plaintiff,**

v.                                          **Case No. 8:03-cv-2049-T-TBM**

**JO ANNE B. BARNHART,**
**Commissioner of the United States**
**Social Security Administration**

      **Defendant.**
_____/

## **O R D E R**

THIS MATTER is before the court on **Plaintiff's Petition for Attorney Fees** (Doc. 16). Defendant does not object to Plaintiff's petition (Doc. 17). Upon review of the pleadings, it is ordered that Plaintiff is awarded $1081.25 in attorney's fees. This amount is to be paid pursuant to the Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412(d).

I.

Plaintiff filed this action on October 1, 2003, seeking review of the Appeals Council's decision to reduce the amount of her daughter's child insurance benefits. (Doc. 1). This court entered an Order reversing and remanding Plaintiff's case to the Commissioner for further proceedings pursuant to Sentence Six of 20 U.S.C. § 405(g) on December 3, 2003. (Doc. 12). Pursuant to the remand order, the ALJ issued a fully favorable decision on November 18, 2005. (Doc. 13, Attach.). This court granted the Commissioner's Motion to

Affirm the Commissioner's Decision Subsequent to Remand (Doc. 14) on February 2, 2006. Judgment in favor of Plaintiff was entered on February 3, 2006. (Doc. 15).

II.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Three conditions must be established before an award under the EAJA is appropriate: (1) the claimant must file a timely application for fees; (2) the claimant must qualify as the prevailing party; and (3) the government's positions must not be "substantially justified," and no other special circumstances exist to make an award unjust. Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

An award under the EAJA is appropriate in this case. First, judgment in this case is final and Plaintiff's motion for fees is ripe for consideration.[1] Next, where judgment is entered on behalf of a plaintiff after the return to district court following a sentence six remand, a plaintiff is considered a prevailing party for purposes of 28 U.S.C.

---

[1] The first requirement, that the fee application be filed within thirty days of the final judgment, is jurisdictional in nature. See 23 U.S.C. § 2412(d)(1)(B); Myers, 916 F.2d at 666 (citing Haitian Refugee Ctr. v. Meese, 791 F.2d 1489, 1494 (11th Cir.), vacated in part on other grounds on reh'g, 804 F.2d 1573 (11th Cir. 1986). A "final judgment" is one that is no longer appealable. See 28 U.S.C. § 2412(d)(2)(G); Melkonyan v. Sullivan, 501 U.S. 89 (1991). Since a judgment is no longer appealable sixty days after entry of judgment in Social Security actions, a plaintiff has ninety days from the date of entry of judgment in which to file for EAJA fees. See Fed. R. App. P. 4(a); Myers, 916 F.2d at 672. Here, it appears that Plaintiff's motion was filed one day late but no objection was made.

§ 2412(d)(1)(A).[2]  See Jackson v. Chater, 99 F.3d 1086, 1097 (11th Cir. 1996).  Thus, Plaintiff is the prevailing party in this case.  Finally, upon consideration, the Commissioner's position was not substantially justified in this case, and counsel for the Commissioner has not filed a response suggesting otherwise.  Therefore, an award of fees under EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate.  Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate.").  Plaintiff seeks a fee of $1081.25 based on a total of 8.65 hours of work at a rate of $125.00 per hour.  This hourly rate is within the accepted range in this market and is deemed reasonable.  The total hours expended are also reasonable.

Accordingly, it is **ORDERED** that **Plaintiff's Petition for Attorney Fees** (Doc. 16) is **GRANTED**.  Plaintiff's counsel is awarded attorney's fees in the amount of $1081.25.

**Done and Ordered** at Tampa, Florida, this 31st day of May 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[2] However, a remand pursuant to Sentence Six of § 405(g), standing alone, does not make a plaintiff a prevailing party for purposes of the EAJA.  See Shalala v. Schaefer, 509 U.S. 292 (1993).

3